**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM MARSHALL, | ) | CASE NO. 1:09CV259 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| TIMOTHY BRUNSMAN, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner William Marshall's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. The Cuyahoga County Grand Jury indicted Petitioner with three counts of Aggravated Robbery in violation of Ohio Revised Code § 2911.01, one count of Aggravated Burglary in violation of Ohio Revised Code § 2911.11, two counts of

1

Murder in violation of Ohio Revised Code § 2903.02, and one count of Having a Weapon While Under a Disability in violation of Ohio Revised Code § 2923.13.

Petitioner was found guilty by a jury of three counts of Aggravated Robbery with three-year Firearm Specifications, one count of Aggravated Burglary with a three-year Firearm Specification, and two counts of Murder with three-year Firearm Specifications, and guilty of Having a Weapon While Under Disability by the trial court. The trial court sentenced Petitioner to a total of 42 years to life in prison for of Aggravated Robbery, Aggravated Burglary, and Murder, and to time served for Having a Weapon While Under a Disability.

Petitioner filed a timely Appeal. The Eighth District Court of Appeals affirmed Petitioner's convictions but vacated his sentence and remanded the matter to the trial court for re-sentencing. Petitioner filed a timely Appeal in the Supreme Court of Ohio. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On February 26, 2007, the trial court imposed the original sentence but merged the Firearm Specifications, reducing Petitioner's sentence to a total of 33 years to life in prison. Petitioner filed a timely Appeal in the Eighth District Court of Appeals. The Court of Appeals affirmed the judgment of the trial court. Petitioner filed a timely Appeal in the Supreme Court of Ohio. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

On December 17, 2007, Petitioner filed a Motion for Leave to File Motion for New Trial. The trial court overruled Petitioner's Motion. Petitioner filed a timely Appeal in the Eighth District Court of Appeals. The Court of Appeals dismissed the Appeal for failure to

2

file the record. Petitioner filed a timely Appeal to the Supreme Court of Ohio. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

On January 24, 2009, Petitioner timely filed this Petition for Writ of Habeas Corpus alleging the following three grounds for relief:

> **GROUND ONE :** Convictions for murder void as violating equal protection clause-Ohio Constitution and 14th Amendment's Due Process Clause; U.S. Constitution.
>
> **Supporting FACTS:** Petitioner's convictions for murder per O.R.C. §2903.02(B) is violative of the equal protection Ohio Constitution made obligatory upon Ohio via the 14th Amendment's Due Process Clause.
>
> **GROUND TWO:** Enhanced portion of sentence void for lack of jurisdiction of subject matter.
>
> **Supporting FACTS:** State trial court sentenced petitioner for sentencing elements he was never charged with; trial court exceeded its sentencing authority under Ohio law made obligatory upon Ohio via the Due Process Clause; United States Constitution.
>
> **GROUND THREE:** Ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendment.
>
> **Supporting FACTS:** Trial counsel rendered ineffective assistance where he failed to recognize, argue and brief the fact that O.R.C. §2903.02(B) as applied to petitioner denied him equal protection of law under Ohio Constitution made applicable to Ohio via Due Process Clause; United States of America.

On March 20, 2009, this Court referred Petitioner's Petitioner to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report on December 3, 2010. Petitioner filed his Objections to the Magistrate Judge's Report and Recommendations on January 18, 2011.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner's arguments raised in Grounds One and Three of his Petition were raised in his Motion for a New Trial and Appeal of the denial of that motion to the Ohio Eighth District Court of Appeals. The Magistrate Judge correctly points out that the

4

Court of Appeals dismissed the appeal *sua sponte* for failure to file the record pursuant to Rules 3(A) and 10(A) of the Ohio Rules of Appellate Procedure and Rule 10 of the Local Appellate Rules. Petitioner then appealed the ruling to the Supreme Court of Ohio, which subsequently denied leave to appeal.

Failure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure breached are well established and regularly followed, i.e., adequate and independent State procedural rules. *See Nethers v. Sheldon*, 2010 WL 4513816 (S.D. Ohio 2010) (finding that a petitioner's failure to file a timely memorandum in support of his motion for delayed appeal and the State court's subsequent dismissal of the motion for failure to prosecute constitutes an independent and adequate State ground to bar review of federal habeas grounds for relief.)

The Magistrate Judge determined that after employing the four-part analysis of *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the first three prongs have been satisfied. Under the fourth prong of the *Maupin* test, Petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 751 (1991). In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends that the court reporter and/or the clerk of court failed to file his documents in the Court of Appeals.

The Court agrees with the Magistrate Judge that Petitioner has not made a persuasive showing of cause and prejudice as required to excuse his procedural default. Petitioner offers no explanation for not complying with the court's procedural

5

rules, other than to lay the blame on the clerk or court reporter. Further, the Court agrees that Petitioner has not successfully established that a failure to consider his grounds for relief would result in a fundamental miscarriage of justice, which generally requires a claim of actual innocence, thereby satisfying the fourth prong of the *Maupin* test. A fundamental miscarriage of justice is usually interpreted to mean that an innocent person was convicted. *Sawyer v. Whitley*, 505 U.S. at 339, n. 6. Therefore, Petitioner's first and third grounds for relief are procedurally defaulted and dismissed.

In Ground Two, Petitioner contends that the trial court exceeded its sentencing authority. The Magistrate Judge points out that in his Petition, Petitioner acknowledges that he raised this ground in the direct appeal of his conviction and sentences. On direct appeal, Petitioner argued that he was impermissibly sentenced to an enhanced sentence based upon findings made by the trial court which were not part of the record. The Court of Appeals sustained that assignment of error, vacated his sentences, and remanded his case to the trial court for re-sentencing, pursuant to the decision of the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1,2006 Ohio 856. Petitioner has already been re-sentenced and the challenged sentence no longer exists.

The Court agrees with the Magistrate Judge, who pointed out that when that same scenario was presented to another judge of this Court in *Charlton v. Beightler*, Case No. 1:07CV0035, 2007 U.S.Dist. LEXIS 91935 (N.D.Ohio December 14, 2007) (J. Nugent), the habeas petition premised upon the negated constitutional challenge was dismissed as moot. Therefore, Petitioner's second ground for relief is dismissed as moot. The Court agrees with the Magistrate Judge's conclusion that it is unnecessary to address Respondent's arguments that Ground Two is not cognizable in a federal

habeas corpus petition.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:1/21/2011

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge